UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD FARMER,

                Plaintiff,

      -against-

JOHN DOE,

                Defendant.

25-CV-3514 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se*, is currently detained on Rikers Island. By order dated April 20, 2025, the Court directed Plaintiff to either pay the $350 filing fee to bring a new civil action or submit an application for leave to proceed *in forma pauperis* ("IFP") and a prisoner authorization form. That order warned Plaintiff that the matter would be dismissed without prejudice if he failed to comply within 30 days. Plaintiff did not comply, and the Court dismissed the matter without prejudice on June 9, 2025. The Court received the requisite documents from Plaintiff on June 11, 2025. (ECF 6.) The Court vacated the dismissal order and judgment and reopened the matter on June 13, 2025, and granted Plaintiff IFP status on June 17, 2025. On June 10, 2025, the Court received from Plaintiff a notice of appeal.[1] (ECF 10.)

On August 12, 2025, the Court received a letter from Plaintiff stating that he "no longer want[s] anything to do with this case due to financial issues." (ECF 11.) Plaintiff also asks this Court to "look into" dismissal of the appeal, which is pending under No. 25-1735 (2d Cir.). (*Id.*)

---

[1] It appears that Plaintiff was appealing from the vacated order and judgment. According to the docket of the United States Court of Appeals for the Second Circuit, Plaintiff's appeal is in default and will be dismissed without prejudice on September 18, 2025. *Farmer v. Doe*, No. 25-1735 (2d Cir. Aug. 28, 2025).

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action or files an appeal [IFP] [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (describing Congress' amendment of the IFP statute, 28 U.S.C. § 1915, to require "prisoners to pay filing fees for the suits or appeals they launch"). Prisoners granted IFP status are permitted to proceed without prepaying the entire $350.00 filing fee at the time of filing the complaint; instead, the fee is deducted from the prisoner's prison trust fund account in increments, as set forth in Section 1915(b)(1). *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (describing PLRA's installment payment plan).

When a prisoner files a signed prisoner authorization, he acknowledges that he must pay the full filing fee. *See, e.g.*, *Huffman v. Benson*, No. 05-CV-867, 2006 WL 625844, *2 (W.D.N.Y. Mar. 9, 2006) (denying request for reimbursement of partially paid fee, "find[ing] that it is more reasonable to conclude that Plaintiff was aware of the requirements of filing a case IFP and was aware of the consequences of submitting an authorization pursuant to [Section] 1915(b)" (internal quotations marks omitted)). If a prisoner seeks to withdraw an action after a district court has dismissed the matter, the prisoner is not entitled to a refund of the filing fee. *See Goins v. Decaro*, 241 F.3d 260, 260 (2d Cir. 2001) (holding that appellant prisoner seeking refund of filing fee after withdrawing the appeal is not entitled to "the return of partial fee payments and the cancellation of remaining fee obligations [because both] are inconsistent with Congress's objectives in enacting the PLRA"); *see also Anderson v. Colosi*, No. 20-CV-2021, 2021 WL 964210, *1 (N.D.N.Y. Mar. 15, 2021) (denying request for refund of the filing fee after Plaintiff moved to withdraw action, and noting that "Plaintiff is statutorily required to pay the filing fee from his Inmate Account regardless of the outcome of his lawsuit").

On June 6, 2025, the Court received Plaintiff's signed prisoner authorization, which states in relevant part that "the full $350 filing fee will be deduced in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it." (ECF 6, at 1.) Because Plaintiff signed the authorization, he is required to pay the full filing fee. To the extent Plaintiff is seeking a refund or the cessation of the deduction of funds from his prison trust fund account, the PLRA requires the Court to deny that request.

If Plaintiff no longer wishes to litigate this matter, he may write a letter to the Court asking to withdraw it. If Plaintiff informs the Court that he wishes to withdraw this action, the Court will dismiss it without prejudice. Plaintiff should understand, however, that money will continue to be deducted from his prison trust fund account.

If Plaintiff does not respond to this order, or if Plaintiff affirmatively states that he wishes to proceed with this action, it will be processed in accordance with the procedures of the Clerk's office once the appeal has been adjudicated. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

## CONCLUSION

Plaintiff's request for a refund (ECF 8) is denied. Within 30 days from the date of this order, Plaintiff shall inform the Court, in writing, if he wishes to withdraw this action, in which case, this action will be dismissed without prejudice. If Plaintiff does not respond to this order, or if he indicates that he wishes to proceed, this action will be processed once the appeal has been adjudicated.

Case 1:25-cv-03514-LTS    Document 12    Filed 09/05/25    Page 4 of 4

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 4, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge

4